**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| CARLITA McCRAY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:23-CV-00048-JVB-JPK |
| | ) | |
| JAMES STRAIT and TJ EXPRESS LLP, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. Defendants James Strait and TJ Express LLP removed this action from state court on February 8, 2023. The Notice of Removal asserts this case is removable under 28 U.S.C. § 1441(b) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, which provides for original federal court jurisdiction where the parties have diverse citizenship and the amount in controversy exceeds $75,000.00 exclusive of interest or costs. The Court must continuously police its subject matter jurisdiction, and remand this action if it finds that subject matter jurisdiction is lacking. *See Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002); 28 U.S.C. § 1447(c). As the parties seeking federal jurisdiction, Defendants have the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

**A.      Diversity of Citizenship**

Defendants allege in the Notice of Removal that Plaintiff is a citizen of Michigan and that Defendants are citizens of Iowa. While Defendants have adequately alleged the citizenship of Plaintiff and Defendant Strait, they have not adequately alleged the citizenship of Defendant TJ Express LLP. The Notice of Removal states that "Defendant TJ Express LLP is an Iowa

corporation with a principal place of business in Iowa. Therefore, the Defendant TJ Express LLP is a citizen of the state of Iowa." [DE 1 ¶ 7]. The initials "LLP" however generally signify a limited liability partnership, not a corporation. A limited liability partnership's citizenship for purposes of the diversity statute is not determined by the place where it is organized or its principle place of business. "[A] limited partnership has the citizenships of each partner, general and limited." *Guar. Nat. Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073 (7th Cir. 1992) ("A limited partnership is a citizen of every state of which any partner, general or limited, is a citizen."). The Court must therefore be advised of the identity of each of Defendant TJ Express LLP's partners, including its limited partners, and advised of each partner's citizenship. It is not sufficient to broadly allege that all partners of a limited partnership are citizens of a particular state. *See Guar. Nat'l Title Co.,* 101 F.3d at 58. Moreover, the citizenship of each member of the limited liability partnership must be "traced through multiple levels" for members who in turn have members or partners. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004); *Thomas v. Guardsmark, LLC,* 487 F.3d 531, 534 (7th Cir. 2007) (jurisdictional statement for LLC "must identify the citizenship of each of its members . . . and, if those members have members, the citizenship of those members as well").

In addition, Defendants have alleged only each party's current citizenship, which is not the relevant time period. Rather, diversity jurisdiction must exist as of the time of the original filing in state court *and* at the time of removal. *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (citations omitted); *see Grupo Dataflux v. Atlas Global Grp., L.P.,* 541 U.S. 567, 570–71 (2004) ("the time-of-filing rule ... measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of the facts that existed at the

time of filing"). Accordingly, Defendants need to clarify whether their allegations concerning citizenship apply to the date on which the state court complaint was filed as well as the date on which Defendants removed the case to this Court.

### B.   Amount in Controversy

Defendants' allegations regarding the amount in controversy requirement are also insufficient. Without any further details, the Notice of Removal alleges that "the amount in controversy exceeds $75,000." [DE 1 ¶ 8]. The Seventh Circuit "generally treat[s] the amount-in-controversy threshold as a 'pleading requirement.'" *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 732 (7th Cir. 2021) (quoting *Blomberg v. Serv. Corp., Int'l*, 639 F.3d 761, 763 (7th Cir. 2011)). Thus, a conclusory allegation that the amount in controversy requirement is satisfied is not sufficient without allegations to render the conclusory allegation plausible. *See, e.g., Cellucci v. O'Leary*, No. 19-CV-2752 (VEC), 2021 WL 242806, at *2 (S.D.N.Y. Jan. 25, 2021) (citing cases). "Once the proponent of federal jurisdiction has explained *plausibly* how the stakes exceed" the amount-in-controversy threshold of a jurisdictional statute, "then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Ware*, 6 F.4th at 732 (emphasis added) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). But the Notice of Removal contains no additional allegations that would render plausible the conclusory allegation that the amount in controversy exceeds $75,000.

Nor does the complaint contain factual allegations from which the Court could plausibly infer that Plaintiff seeks to recover damages in excess of the $75,000 minimum. Plaintiff alleges in her complaint that:

> As a direct and proximate result of the foregoing crash and the conduct of [Defendants], [Plaintiff] was physically injured, suffered emotional distress; sustained other permanent and severe personal injuries; she incurred and will incur ambulance, hospital, diagnostic,

3

> surgical, therapeutic, pharmaceutical, and other medical expense; she suffered and will suffer physical pain, mental suffering, terror, fright, loss of enjoyment of life, and permanent impairment; she lost time or wages and impairment of her earnings capacity; and she incurred other injuries and damages of a personal and pecuniary nature.

[DE 2 ¶ 23]. While these allegations certainly suggest that it is possible the amount in controversy exceeds $75,000, the Seventh Circuit's decision in *Walker v. Trailer Transit, Inc.*, 727 F.3d 819 (7th Cir. 2013), demands greater specificity before a defendant may remove a case to federal court based on diversity jurisdiction. To remove a case based on an allegation that the jurisdictional minimum is satisfied by the plaintiff's state court complaint which neither makes a demand for a specific sum nor contains facts from which that amount can plausibly be inferred, the defendant must

> receive[ ] a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present. With respect to the amount in controversy in particular, the pleading or other paper must specifically disclose the amount of monetary damages sought. This bright-line rule promotes clarity and ease of administration for the courts, discourages evasive or ambiguous statements by plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants.

*Id.* at 824. The *Walker* court noted that a defendant wishing to remove a complaint without such a disclosure should use other means to seek that information prior to removal, such as jurisdictional requests for admission. *Id.* at 824 n.4. Under the standard articulated in *Walker*, allegations of "permanent and severe personal injuries" in a state court complaint by themselves do not trigger a defendant's right to remove under the diversity statute because they do not disclose a specific amount of monetary damages being sought. *See Redfield v. Uthe*, No. 2:20-cv-199-TLS-JPK, 2021 WL 2451906, at *3 (N.D. Ind. June 15, 2021).

Given the importance of determining the Court's jurisdiction to hear this case, Defendants must allege facts plausibly supporting diversity jurisdiction as indicated in this opinion and order. Therefore, the Court **ORDERS** Defendants to **FILE** a supplemental jurisdictional statement on or before **March 6, 2023**.

So ORDERED this 14th day of February, 2023.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT